UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| GREGORY BARNES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-198-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN EDENFIELD, Warden of FCI-Manchester, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Gregory Barnes is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Barnes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is entitled to various sentence credits and challenging the computation of his sentence. [Record No. 1] Having reviewed the petition, the record of his case, and his other filings, the Court determines that Barnes is not entitled to relief.

**I.**

On January 9, 2010, Barnes was arrested by federal authorities while he was a defendant in an Ohio state court criminal proceeding. Five days later, he pleaded guilty in the state proceeding to carrying a concealed weapon and was sentenced to a one-year prison term to be served at the Lorain Correctional Institution in Ohio. On January 27, 2010, a federal grand jury in the Northern District of Ohio returned a federal indictment against Barnes, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [*See United States*

-1-

*v. Gregory L. Barnes*, Criminal Action No. 1:10-42-CAB-1 (N.D. Ohio Jan. 27, 2010), Record No.1 therein]

On February 4, 2010, a writ of habeas corpus *ad prosequendum* was issued to secure Barnes' appearance in the federal proceeding. [*Id.*, at Record Nos. 6-7] Barnes pleaded guilty to the federal Indictment and on August 3, 2010, was sentenced to a term of imprisonment of sixty-seven months, followed by three years of supervised release.[1] [*Id.*, Record No. 15] On August 19, 2010, the United States Marshals Service ("USMS") returned Barnes to state custody at the Lorain Correctional Institution. [*Id.*, Record No. 17] Barnes was released from state custody, and USMS assumed custody of him on January 7, 2011(one day before he completed his state sentence). Thus, Barnes began serving his sixty-seven month federal sentence on January 7, 2011. [*Id.*, Record No. 48-1, p. 5]

Barnes filed several motions in his criminal proceeding regarding sentence credits. On August 18, 2011, he filed a Petition for *Nunc Pro Tunc* and/or *Coram Nobis*, seeking a determination that his federal sentence be credited with eight months of jail time credit for "time-served." [*Id.*, Record No. 31] On September 20, 2011, the sentencing court entered an Amended Judgment, stating that Barnes "shall be given credit for time served in federal custody[]." [*Id.*, Record No. 35, p. 2] Barnes then filed a motion seeking a clarification of the credit he would receive. [*Id.*, Record No. 40] On February 22, 2012, the district court denied that motion, stating that "[t]he Court amended the [Judgment] and ordered credit for Federal time served.

---

[1] Barnes' federal sentence was affirmed on appeal. [*Id.*, Record No. 38; *see United States v. Gregory L. Barnes*, No. 10-4061 (6th Cir. Dec. 13, 2011)] He filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed by the district court as untimely. [*Barnes*, Criminal Action No. 1:10-42-CAB-1, Record No. 46]

Further computations/credits for time are determined solely by the Bureau of Prisons."[2] [*Id.*, Record No. 41]

Barnes has made a number of administrative filings, asking the Bureau of Prisons ("BOP") to credit his sentence in various ways. The BOP repeatedly denied his requests, determining that the time period between January 9, 2010, and August 3, 2010 could not be credited toward his federal sentence because that time had already been credited to his state sentence. [Record No. 1-2, pp. 5, 7, 12] The BOP further concluded that Barnes was not entitled to a retroactive designation of the facility where he served his state sentence as the place where he served his federal sentence between August 3, 2010, and January 7, 2011, because his federal sentence was not ordered to run concurrently with his state sentence. [*Id.*] Barnes then filed the current petition under § 2241, contending that he is improperly being denied credit against his federal sentence by the BOP.

**II.**

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Barnes is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569,

---

[2] On July 1, 2013, Barnes filed another motion in the district court to compel the BOP to comply with the Amended Judgment and credit his federal sentence accordingly. [*Id.*, Record No. 48] On August 2, 2013, the district court again denied the motion for the same reason.

573 (6th Cir. 2003). Thus, at this stage, the Court accepts Barnes' factual allegations as true, and liberally construes his legal claims in his favor.

**III.**

Barnes argues that he should have received credit for the period of time when federal authorities took him into custody for his appearance regarding his federal criminal charges to his sentencing; that is, from January 9, 2010, to August 3, 2010. When a prisoner is taken into federal custody pursuant to a federal writ, the state retains primary jurisdiction over him. *Huffman v. Perez*, No. 99-6700, 2000 U.S. App. LEXIS 24837, at *5 (6th Cir. Sept. 27, 2000); *United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998); *Wardell v. Wilson*, No. 10-CV-294-GFVT, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011). Thus, Barnes was only "borrowed" by federal authorities while in their custody under writ of habeas corpus *ad prosequendum*. He remained in the primary custody of the State of Ohio. The record establishes that Ohio fully credited his state sentence with the period of time Barnes remained in custody pursuant to the federal writ. [Record No. 1-2, p. 5]

Title 18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Time which has previously been credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. *See Nguyen v. Department of Justice*, No. 97-6489, 1999 U.S. App. LEXIS 1700, at *3 (6th Cir. Feb. 3, 1999) (unpublished) (holding that time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence); *see also*

*Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003). Therefore, crediting Barnes' federal sentence with the time spent in state custody between January 9, 2010, and August 3, 2010, and for which he received credit on his Ohio state sentence would result in Barnes improperly receiving double credit. *See*, *e.g.*, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002).

Barnes alleges that at his federal sentencing on August 3, 2010, the court stated that he should receive eight months of credit on his federal sentence for this period of time, including the time that Barnes spent in federal custody pursuant to the federal writ. Barnes relies on the fact that in September 2011, his Judgment was amended to state that he should receive "eight months" of credit on his federal sentence. But such reliance is misplaced.

Under 18 U.S.C. § 3585(b), the award of credit against a federal sentence lies with the exclusive authority of the BOP. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *Castro v. Sniezek*, 437 F. App'x 70, 71 (3d Cir. 2011); *Everett v. Ives*, No. 6: 11–180–HRW, 2012 WL 2179097, at *2 (E.D. Ky. June 13, 2012) (explaining that the authority to calculate presentence credits "is vested exclusively with the BOP as the delegate of the Attorney General.").[3] In this case, the sentencing court correctly held that the BOP should determine whether Barnes was entitled to sentencing credits. The BOP has not credited Barnes' sentence with federal time

---

[3] A sentencing court has authority under United States Sentencing Guideline § 5G 1.3(c) to fashion a sentence that accounts for time already served. The guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit . . . any downward departure under application note [3(E) in § 5G1.3] be clearly stated . . . as a downward departure pursuant to § 5G 1.3(c), rather than as a credit for time served." *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (internal citations and quotation marks omitted).

served because prior to January 7, 2011, Barnes had not served any time in federal custody. Instead, as explained above, he was in primary state custody and was receiving credit on his state sentence. Accordingly, the BOP properly refused to apply any credit on his federal sentence for the time Barnes was in state custody between January 9, 2010, and August 3, 2010.

Barnes also seeks federal credit for the time he served in state custody from August 3, 2010 to January 7, 2011. He refers to *Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990), in support of this argument. In *Barden*, the Third Circuit held that the BOP has the discretion to retroactively designate a state prison as the place of a prisoner's confinement to serve a federal sentence under 18 U.S.C. § 3621(b) to give practical effect to a state court's otherwise-unenforceable order that its subsequently-entered criminal judgment should run concurrently with a previously-imposed federal sentence. *Id.* at 478, 481–83. Here, however, Barnes' state court sentence was imposed prior to his federal term of imprisonment. Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms to run concurrently. Barnes' federal sentence was not ordered to run concurrently with his previously imposed state sentence. Thus, the terms were consecutive.

Although the sentencing court amended the original judgment to provide that Barnes should be given credit "for time served in federal custody," the sentencing judge clarified that he could not apply credits to Barnes' sentence because such action fell within the BOP's purview. As noted, it is the BOP, not the sentencing judge, that has authority to award custody credits to

a federal sentence. The BOP correctly calculated Barnes' sentence, and Barnes' arguments to the contrary are without merit.

## IV.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Barnes' 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and stricken from the Court's docket.

3. A separate Judgment shall issue this date.

This 20th day of March, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge